1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   STACY BUTLER, an individual, DARRYL              CASE NO. 01cv2087 BTM(JMA)
     BRADSHAW, an individual, CLIFTON
12   CUNNINGHAM, an individual, EDRIC                 **ORDER GRANTING JIM KELLY'S**
     JORDAN, an individual, KEVIN                     **MOTION FOR SUMMARY**
13   STANDARD, an individual, and KYLE                **JUDGMENT AND DIRECTING**
     WINTERS, an individual,                          **ENTRY OF FINAL JUDGMENT**
14
                                  Plaintiffs,
15        vs.

16   SAN DIEGO DISTRICT ATTORNEYS
     OFFICE, a municipal sub-agency of the
17   COUNTY OF SAN DIEGO, COUNTY OF
     SAN DIEGO, a municipal corporation,
18   KEITH BURT, an individual, EDWARD
     CERVANTES, an individual, SAN DIEGO
19   POLICE DEPARTMENT, a municipal
     sub-agency of the CITY OF SAN DIEGO,
20   CITY OF SAN DIEGO, a municipal
     corporation, JIM KELLY, an individual,
21   WILLIE CHARLES GODINE, an
     individual, DARIN PALMER, an individual
22   and DOES 1-100,

23                                Defendants.

24

25

26        Defendant Jim Kelly has filed a motion for summary judgment as to the remaining

27   claims pending against him.  For the reasons discussed below, Kelly's motion for summary

28   judgment is **GRANTED**.

1

# I. BACKGROUND

2    The facts of this case were discussed at length in the Court's order filed on October

3 25, 2006 ("Summary Judgment Order"), and need not be repeated here.

4    In the Court's Summary Judgment Order, the Court granted summary judgment in

5 favor of Burt, the County defendants, Cervantes and the City of San Diego.  The Court also

6 dismissed the claims against Palmer and issued an order to show cause why the case

7 should not be dismissed as to Godine for failure to serve him with the Summons and

8 Complaint.  As for Kelly, the Court granted his motion for summary judgment as to the

9 section 1985 and section 1986 claims but denied his motion for summary judgment as to the

10 section 1983 claims that Kelly violated Plaintiffs' due process rights by fabricating evidence

11 and conspired with Godine to deprive Plaintiffs of their due process rights.

12    The Court found that there was a triable issue of material fact as to whether Kelly

13 planted or conspired with Godine to plant the gun evidence.  Kelly did not brief and the Court

14 did not address whether Plaintiffs could establish that they suffered any damages as a result

15 of Kelly's actions.

16    Subsequently, Kelly requested leave to file another motion for summary judgment on

17 the issues of causation and damages.  In an order filed on December 19, 2006, the Court

18 granted Kelly's request.

19    On December 19, 2006, counsel for Plaintiffs made an oral motion to dismiss the case

20 as to Godine because counsel could not locate Godine and was unable to serve him with the

21 Summons and Complaint.

22    The Court held a hearing on Kelly's second motion for summary judgment on

23 February 22, 2007.

24

25

# II. DISCUSSION

26    Plaintiffs contend that they were deprived of their due process rights because Kelly

27 planted or conspired to plant the murder weapon under the lemon tree, lending support to

28 the false story that Butler gave the gun to Godine to hide.  Although there is a triable issue

1  as to whether Kelly planted or conspired with Godine to plant the gun evidence, Kelly is

2  entitled to summary judgment for the reasons discussed below.

3

4  A.  <u>Deprivation of Liberty</u>

5      The manufacture of false evidence in and of itself does not constitute a constitutional

6  violation; the plaintiff must show that the due process violation resulted in a liberty

7  deprivation.  <u>Zahrey v. Coffey</u>, 221 F.3d 342, 348-352 (2d Cir. 2000).  <u>See also</u> <u>Tomer v.</u>

8  <u>Gates</u>, 811 F.2d 1240, 1242 (9th Cir. 1987) (explaining that plaintiff had failed to establish

9  that his due process rights were violated because there was no allegation that the use of

10 fabricated evidence deprived him of any liberty or property interest).[1]  With the possible

11 exception of Edric Jordan, Plaintiffs cannot show that they were wrongfully deprived of

12 liberty.

13      After the jury deadlocked as to the charges against Winters, Winters entered a plea

14 of guilty to the crime of voluntary manslaughter and received a sentence of 11 years.  This

15 plea was never set aside.  Therefore, the time Winters spent in confinement was attributable

16 to his plea of guilty to the voluntary manslaughter of Officer Hartless.

17      Similarly, after their convictions were vacated by the California Court of Appeal, Butler,

18 Bradshaw, Cunningham, and Standard pleaded guilty to voluntary manslaughter in exchange

19 for *credit for time served* and a dismissal of all charges with prejudice.  (Exhs. S-V, Notice

20 of Lodgment in Support of Defendant Edward Cervantes' Motion for Summary Judgment.)

21 Plaintiffs reached a bargain to avoid a subsequent prosecution on the murder charges and

22 cannot now claim that their confinement was impermissible.

23      Plaintiffs suggest that at the time they entered into the plea, they had already served

24

25      [1] Plaintiffs cite to <u>Ricciuti v. N.Y.C. Transit Authority</u>, 124 F.3d 123 (2d Cir. 1997),
   which holds that a plaintiff may bring a section 1983 claim when a police officer creates false
26 information that is likely to influence a jury's decision, thereby violating the accused's
   constitutional right to a fair trial.  Although the Constitution defines the basic elements of a
   fair trial largely through the several provisions of the Sixth Amendment, the right to a fair trial
27 is guaranteed through the Due Process Clauses.  <u>Strickland v. Washington</u>, 466 U.S. 668,
   684 (1984).  In the absence of a Sixth Amendment violation, a plaintiff claiming that a
28 defendant's fabrication of evidence denied him the right to a fair trial must still establish that
   the end result was a deprivation of liberty.

1  more time than they would have served had they been convicted of the lesser charge in the

2  first place.  Even if this is so, Plaintiffs agreed to the terms of the plea agreement.  Plaintiffs

3  could have rejected the plea offer and sought an acquittal at trial.  Instead, Plaintiffs took the

4  deal and eliminated the risk of a murder conviction.  Plaintiffs have never sought to set the

5  plea aside.

6         Therefore, the Court finds that with the possible exception of Edric Jordan (who was

7  acquitted after the second trial), Plaintiffs were not wrongfully deprived of liberty.[2]

8

9  B.      Causation

10         Even assuming a deprivation of liberty, the section 1983 claims of plaintiffs Bradshaw,

11  Cunningham, Standard, Winters, and Jordan also fail because they cannot show that Kelly's

12  actions were the legal cause of such deprivation.

13         Principles of causation borrowed from tort law apply to civil rights actions brought

14  under section 1983.  Malley v. Briggs, 475 U.S. 335, 344 n. 7 (1986).  To prove legal

15  causation, the act or omission must be "a substantial factor in bringing about the harm, and

16  there must be no principle or rule of law which restricts the actor's liability because of the

17  manner in which the act or omission operates to bring about such invasion."  Restatement

18  2d of Torts § 9 (1965).

19         In determining whether a defendant's conduct is a substantial factor in bringing about

20  harm to another – i.e., a cause in fact, pertinent considerations include the number of other

21  factors which contribute in producing the harm and the extent of the effect which they have

22  in producing it, whether the actor's conduct has created a force or series of forces which are

23  in continuous and active operation up to the time of the harm, and lapse of time.

24

25         [2] In Genzler v. Longanbach, 410 F.3d 630, 635 n. 1 (9th Cir. 2005), a case with facts
   similar to the case before the Court, the Ninth Circuit indicated that Genzler was not barred
26  by Heck v. Humphrey, 512 U.S. 44 (1994), from bringing a section 1983 claim based on
   defendants' actions during the investigation and prosecution of the homicide case against
27  Genzler even though Genzler was subsequently convicted of involuntary manslaughter.
   However, Genzler did not examine the issue of whether Genzler had established a
28  deprivation of liberty and expressed no opinion about whether Genzler had stated a violation
   of a constitutional right that is actionable under section 1983.

1  Restatement 2d of Torts § 433 (1965).  The word "substantial" is "used to denote the fact that

2  the defendant's conduct has such an effect in producing the harm as to lead reasonable men

3  to regard it as a cause."  Restatement 2d of Torts § 431, Comment a (1965).

4       Assuming Kelly planted the murder weapon in 1988 and perpetuated the false story

5  that Butler gave the weapon to Godine to hide, there is a triable issue as to whether Kelly's

6  actions were a substantial factor in bringing about *Butler's* subsequent prosecution.

7  However, the causal connection between Kelly's actions and the charging and prosecution

8  of Bradshaw, Cunningham, Standard, Winters, and Jordan is too attenuated to sustain a

9  section 1983 cause of action.

10      Bradshaw, Cunningham, Standard, Winters, and Jordan  were charged and tried for

11  the felony-murder of Officer Hartless only after the first trial against Butler resulted in a hung

12  jury.  According to Officer Payne, Burt was actually informed about the "dog test" prior to the

13  first trial.  (Plaintiff's Exh. 8 at 10221 in opposition to Kelly's Motion for Summary Judgment.)

14  Indeed, Plaintiffs' section 1983 claim against Burt was premised in part on Burt's alleged

15  suppression of exculpatory evidence regarding the gun evidence.  Despite Burt's knowledge

16  that the gun may have been planted, Burt chose to proceed against Plaintiffs on the new

17  theory that officer Hartless's murder was a natural and probable consequence of a

18  conspiracy by the Syndo gang members to kill members of the Rob Dog gang.  To secure

19  Palmer's testimony in support of the felony-murder theory, Burt and Cervantes secretly

20  provided Palmer with extraordinary benefits, including the use of the District Attorney's Office

21  for sexual encounters.

22      Given that (1) Burt apparently knew  the murder weapon may have been planted; (2)

23  Burt nevertheless chose to bring a new round of charges and prosecute Plaintiffs on a

24  different theory; and (3) a significant period of time and numerous events, including the

25  alleged secret agreement between Burt and Palmer and Palmer's resulting cooperation,

26  intervened between the alleged planting of the gun and the second trial, the Court concludes

27  that a reasonable person would not regard Kelly's actions as a factual cause of Bradshaw,

28  Cunningham, Standard, Winters, and Jordan's injuries.

1   C.  <u>Statute of Limitations</u>

2          Edric Jordan's section 1983 claims fail for the additional reason that they are time-

3   barred.[3]   Jordan's claims are governed by the one-year statute of limitations set forth in

4   former Cal. Civ. Proc. Code § 340(3).  <u>Del Percio v. Thornsley</u>, 877 F.2d 785, 786 (9th Cir.

5   1989); <u>Andonagui v. May Dept. Stores Co.</u>, 128 Cal. App. 4th 435 (2005).

6          Jordan argues that his claims were not ripe until August 24, 2000, when the guilty

7   pleas of Butler and the others were entered, due to Defendants' fraudulent concealment of

8   Plaintiffs' claims.  The Court disagrees.  The doctrine of fraudulent concealment tolls the

9   running of a statute of limitations only if the plaintiff can "demonstrate that [the plaintiff] had

10  neither actual nor constructive notice of the facts constituting [his] claims for relief."  <u>Volk v.

11  D.A. Davidson & Co.</u>, 816 F.2d 1406, 1415 (9th Cir. 1987).   Under California law, a plaintiff

12  "discovers" the cause of action when he has reason at least to suspect a factual basis for its

13  elements.  <u>Norgart v. Upjohn Co.</u>, 21 Cal. 4th 383, 398 (1999).  The plaintiff need not know

14  the specific facts necessary to establish the claim nor does he need to be aware of the

15  particular legal theory that will support the claim.  <u>Id.</u> at 397-98.   Simply stated, the statute

16  of limitations begins to run when the plaintiff suspects or should suspect that someone has

17  done something wrong to him.  <u>Jolly v. Eli Lilly & Co.</u>, 44 Cal. 3d 1103, 1110 (1988).

18         Jordan's claims arguably accrued when he was acquitted after the second trial. During

19  the second trial, Payne testified regarding the "dog test" evidence, and defense counsel

20  devoted a large portion of the defense to attacking the circumstances concerning the finding

21  of the murder weapon.  At the latest, Jordan's claims accrued on July 20, 1999, when the

22  California Court of Appeal decision was filed.

23         This action was not commenced until August 15, 2001.  Thus, Jordan's section 1983

24  claims are barred by the applicable statute of limitations.[4]

25  _____

26         [3]  Kelly argued that Jordan's claims were barred by the statute of limitations in his
    original motion for summary judgment.  The Court did not reach the issue in its Summary
27  Judgment Order.

28         [4]  In his opposition to Kelly's original motion for summary judgment, Jordan also
    argued that under the continuing violations doctrine, the statute of limitations was tolled until
    August 24, 2000, when Plaintiffs learned that the District Attorney's Office failed to disclose

1

### III.  CONCLUSION

2          For the reasons discussed above, Kelly's motion for summary judgment is **GRANTED**.

3          The Clerk shall enter final judgment against Plaintiffs and in favor of Keith Burt,

4    Edward Cervantes, the County of San Diego, the San Diego District Attorney's Office, the

5    City of San Diego, the San Diego Police Department, and Jim Kelly.  The Clerk shall also

6    enter final judgment dismissing without prejudice Plaintiffs' claims against Willie Charles

7    Godine and dismissing with prejudice Plaintiffs' claims against Darin Palmer.

8

9    **IT IS SO ORDERED.**

10

    DATED:  February 27, 2007

11

12                                                    _____
                                                      Hon. Barry Ted Moskowitz
13                                                    United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26    the name of the "Samaritan."  However, as discussed in the Court's Summary Judgment
      Order, Plaintiffs have failed to establish that "Samaritan" provided any exculpatory
27    information to the District Attorney's Office.  Furthermore, the continuing violation doctrine
      is inapplicable because Kelly's actions and the District Attorney's Office's alleged
28    suppression of the "Samaritan" evidence are discrete acts that are separately actionable.
      Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002).